IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| A WHALE CORPORATION; | § § | Case No. 13-33741 |
| B WHALE CORPORATION; | § § | Case No. 13-33742 |
| C WHALE CORPORATION; | § § | Case No. 13-33743 |
| D WHALE CORPORATION; | § § | Case No. 13-33744 |
| E WHALE CORPORATION; | § § | Case No. 13-33745 |
| G WHALE CORPORATION; | § § | Case No. 13-33746 |
| H WHALE CORPORATION; | § § | Case No. 13-33747 |
| A DUCKLING CORPORATION; | § § | Case No. 13-33748 |
| F ELEPHANT CORPORATION; | § § | Case No. 13-33749 |
| F ELEPHANT INC.; | § § | Case No. 13-33750 |
| A LADYBUG CORPORATION; | § § | Case No. 13-33751 |
| C LADYBUG CORPORATION; | § § | Case No. 13-33752 |
| D LADYBUG CORPORATION; | § § | Case No. 13-33754 |
| A HANDY CORPORATION; | § § | Case No. 13-33755 |
| B HANDY CORPORATION; | § § | Case No. 13-33756 |
| C HANDY CORPORATION; | § § | Case No. 13-33757 |
| B MAX CORPORATION; | § § | Case No. 13-33758 |
| NEW FLAGSHIP INVESTMENT CO., LTD; | § § § | Case No. 13-33759 |
| RORO LINE CORPORATION; | § | Case No. 13-33760 |

#4314113

| | | |
|---|---|---|
| **UGLY DUCKLING HOLDING CORPORATION;** | § § | Case No. 13-33761 |
| **GREAT ELEPHANT CORPORATION;** | § § | Case No. 13-33762 |
| **TMT PROCUREMENT CORPORATION;** | § § | Case No. 13-33763 |
| **TMT USA SHIPMANAGEMENT LLC;** | § § | Case No. 13-33740 |
| DEBTORS. | § | Chapter 11 |

**DEBTORS' EMERGENCY MOTION PURSUANT TO
RULE 1015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
<u>REQUESTING JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>**

**IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE (21) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**

**THE DEBTORS HAVE REQUESTED THAT THIS MOTION BE CONSIDERED AT THE DEBTORS' FIRST DAY HEARINGS.**

TMT USA Shipmanagement LLC, *et al.*, the above-captioned debtors and debtors in possession (together, the "<u>Debtors</u>"), by and through their undersigned proposed attorneys, hereby file this motion (the "<u>Motion</u>"), for an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), granting joint administration of their chapter 11 cases. In support of this Motion, the Debtors respectfully represent as follows:

## I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Motion is Bankruptcy Rule 1015(b).

## II. BACKGROUND

2.  On June 20, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession. No trustees or examiners have been appointed in these cases.

3.  Together, the Debtors are known in the industry as the TMT Group ("TMT") based on the original company known as Taiwan Marine Transport Co. Ltd. (a non-debtor), which was founded in 1958 as a banana boat operator with inter-Asia routes.[1] Since then, the TMT Group has grown into a provider of worldwide sea borne transportation services. The Debtors' fleet consists of 17 vessels (the "Vessels"), each held by an individual ship owning company (a common corporate structure in the industry). The TMT fleet is diversified to span several sectors of maritime transportation, such as the bulk sector, vehicle sector, ore sector, and oil sector. Vessels range in size from approximately 27,000 dead weight tons (dwt) to approximately 320,000 dwt. The Debtors' total dwt capacity is approximately 3.2 million dwt, and the average age of the fleet is younger than two and a half years (excluding *M/V A Duckling*,

---

[1] The "TMT" acronym was changed from Taiwan Marine Transport to Today Makes Tomorrow in 2007 as the TMT Group expanded operations throughout the world.

-3-

which is 14 years old, and *F Elephant*, which is 23 years old). Vessels are variously flagged in Liberia, Panama, and the Marshall Islands.

4. TMT generates revenues by employing its fleet of Vessels on time charters as well as in the spot market. Additionally, TMT charters out its "Whale" and "Elephant" vessels to the affiliated non-debtor Blue Whale Corporation under bareboat charters. Technical and commercial management of the Vessels are carried out by various non-debtor affiliate entities.

### III. RELIEF REQUESTED

5. Pursuant to Bankruptcy Rule 1015(b), the Debtors seek joint administration of their chapter 11 cases and implementation of the following procedures:

    (a)    One docket shall be maintained for the Debtors' cases under the case number assigned to TMT USA Shipmanagement LLC.

    (b)    The caption of the cases shall be modified to reflect their joint administration as follows:

| IN RE: | § | Chapter 11 |
|---|---|---|
| | § | |
| **TMT USA SHIPMANAGEMENT LLC,** *et al.*,[2] | § § § | Case No. 13-33740 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

    (c)    A notation substantially similar to the following notation shall be entered on the docket for all other Debtors to reflect that each of the Debtors' chapter 11 cases shall be jointly administered under the TMT USA Shipmanagement LLC chapter 11 case:

> An order has been entered in this case directing joint administration of this case solely for procedural purposes

---

[2] The Debtors in these chapter 11 cases are: (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Corporation; (10) F Elephant Inc.; (11) A Ladybug Corporation; (12) C Ladybug Corporation; (13) D Ladybug Corporation; (14) A Handy Corporation; (15) B Handy Corporation; (16) C Handy Corporation; (17) B Max Corporation; (18) New Flagship Investment Co., Ltd; (19) RoRo Line Corporation; (20) Ugly Duckling Holding Corporation; (21) Great Elephant Corporation; (22) TMT Procurement Corporation; and (23) TMT USA Shipmanagement LLC.

-4-

        with the chapter 11 bankruptcy case of TMT USA Shipmanagement LLC, Case No. 13-33740. The docket for TMT USA Shipmanagement LLC should be consulted for all matters affecting this case.

(d)    The Office of the U.S. Trustee shall conduct joint informal meetings with the Debtors, as required, and a joint first meeting of creditors, if required.

(e)    One plan and disclosure statement may be filed for all of these cases; however, substantive consolidation is not being requested at this time.

(f)    Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in whose case such claim is to be filed.

(g)    A separate claims register shall be maintained for each Debtor.

(h)    The Debtors shall be authorized to file the monthly operating reports required by the United States Trustee on a consolidated basis in a format acceptable to the U.S. Trustee.

## IV. BASIS FOR RELIEF

6.    Bankruptcy Rule 1015(b) authorizes this Court to order the joint administration of the bankruptcy cases of a debtor and its affiliates. TMT USA Shipmanagement LLC is an "affiliate" of each Debtor entity, as such term is defined in § 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested in this Motion.

7.    The Debtors anticipate that, during the course of these cases, it will be necessary to file numerous motions and applications, as well as other pleadings and documents, seeking relief on behalf of all Debtors. The Debtors respectfully submit that joint administration of their chapter 11 cases is in the best interests of their estates, creditors, and other parties-in-interest and will further the interests of judicial economy and administrative expediency by, among other things, obviating the need to: (i) file duplicate motions, (ii) enter duplicate orders, and (iii) forward unnecessary, duplicate notices and other documents to creditors and other parties-

in-interest, which actions would cause the Debtors' estates to incur unnecessary costs and expenses.

## V.  NOTICE

8. Notice of this Motion has been or will be provided to (a) the Office of the United States Trustee for the Southern District of Texas, (b) all known or alleged secured creditors, (c) the 30 largest unsecured non-insider creditors of the Debtors (on a consolidated basis), (d) all known shareholders holding over 5% of a class of equity interests in any of the Debtors, (e) all Debtor professionals, (f) the United States Attorney's Office for the Southern District of Texas, (g) the Internal Revenue Service, (h) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and (i) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules.  The Debtors submit that no further notice of this Motion is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form filed herewith, granting the relief requested in this Motion, and such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:  */s/ William A. (Trey) Wood III*
William A. (Trey) Wood III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
Jason G. Cohen
Texas Bar No. 24050435
Jason.Cohen@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:  (713) 223-2300
Facsimile:   (713) 221-1212

-and-

Evan Flaschen
(*Pro hac vice* admission requested)
Evan.Flaschen@bgllp.com
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06103
Telephone: (860) 947-9000
Facsimile:  (860) 246-3201

-and-

Robert G. Burns
(*Pro hac vice* admission requested)
Robert.Burns@bgllp.com
1251 Avenue of Americas, 49th Floor
New York, New York  10020-1104
Telephone: (212) 508-6100
Facsimile: (800) 404-3970

**PROPOSED COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

#4314113