**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| **TMT USA SHIPMANAGEMENT LLC,** *et* | § | Case No. 13-33740 |
| *al.*,[1] | § | |
| | § | |
| DEBTORS. | § | (Joint Administration Requested) |

**REQUEST FOR EMERGENCY**
**CONSIDERATION OF CERTAIN "FIRST DAY" MATTERS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THE DEBTORS HAVE REQUESTED THAT THIS MOTION BE CONSIDERED AT THE DEBTORS' FIRST DAY HEARINGS.**

TMT USA Shipmanagement LLC, *et al*., the above-captioned debtors and debtors in

possession (together, the "Debtors"), by and through their undersigned proposed attorneys,

---

[1]  The Debtors in these chapter 11 cases are: (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Corporation; (10) F Elephant Inc.; (11) A Ladybug Corporation; (12) C Ladybug Corporation; (13) D Ladybug Corporation; (14) A Handy Corporation; (15) B Handy Corporation; (16) C Handy Corporation; (17) B Max Corporation; (18) New Flagship Investment Co., Ltd; (19) RoRo Line Corporation; (20) Ugly Duckling Holding Corporation; (21) Great Elephant Corporation; (22) TMT Procurement Corporation; and (23) TMT USA Shipmanagement LLC.

#4317765

hereby file this request for emergency consideration of certain "First Day" matters.  In support

thereof, the Debtors represent as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28

U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2.      On June 20, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the Southern District of Texas, Houston Division (the

"Court").  Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors are operating their

businesses and managing their property as debtors in possession.  The Debtors have requested

joint administration of these chapter 11 cases by motion filed concurrently herewith.  No trustees

or examiners have been appointed in these cases.

3.      Together, the Debtors are known in the industry as the TMT Group ("TMT")

based on the original company known as Taiwan Marine Transport Co. Ltd. (a non-debtor),

which was founded in 1958 as a banana boat operator with inter-Asia routes.[2]  Since then, the

TMT Group has grown into a provider of worldwide sea borne transportation services.  The

Debtors' fleet consists of 17 vessels (the "Vessels"), each held by an individual ship owning

company (a common corporate structure in the industry).  The TMT fleet is diversified to span

several sectors of maritime transportation, such as the bulk sector, vehicle sector, ore sector, and

oil sector.  Vessels range in size from approximately 27,000 dead weight tons (dwt) to

---

[2]  The "TMT" acronym was changed from Taiwan Marine Transport to Today Makes Tomorrow in 2007 as the
TMT Group expanded operations throughout the world.

-2-

approximately 320,000 dwt.  The Debtors' total dwt capacity is approximately 3.2 million dwt, and the average age of the fleet is younger than two and a half years (excluding *M/V A Duckling*, which is 14 years old, and *F Elephant*, which is 23 years old).  Vessels are variously flagged in Liberia, Panama, and the Marshall Islands.

4.        TMT generates revenues by employing its fleet of Vessels on time charters as well as in the spot market.  Additionally, TMT charters out its "Whale" and "Elephant" vessels to the affiliated non-debtor Blue Whale Corporation under bareboat charters.  Technical and commercial management of the Vessels are carried out by various non-debtor affiliate entities.

## III. RELIEF REQUESTED AND BASIS THEREFORE

5.        Counsel for the Debtors believes that the bankruptcy cases qualify as "Complex Chapter 11 Cases."  The Debtors request emergency consideration of the following initial case matters (the "First Day Matters"):

(a)       Emergency Motion Pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure Requesting Joint Administration of Chapter 11 Cases [Docket No. 3];

(b)       Emergency Motion to Extend Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs [Docket No. 4];

(c)       Emergency Motion for the Entry of an Order Pursuant to Sections 105(a), 362 and 365 of the Bankruptcy Code Enforcing and Restating the Automatic Stay and Ipso Facto Provisions [Docket No. 5];

(d)       Emergency Motion for an Order (i) Authorizing Continued Use of Existing Business Forms and Records; (ii) Authorizing Maintenance of Existing Corporate Bank Accounts and Cash Management System; and (iii) Waiving the Requirements of 11 U.S.C. § 345(b) [Docket No. 6];

(e)       Emergency Motion for an Order (i) Authorizing the Debtors to Pay or Honor (A) Secured Maritime Lien Claimants That Have Arrested Vessels and (B) Prepetition Obligations to Foreign Vendors, Service Providers and Governments and Certain Critical Vendors, and (ii) Authorizing Financial Institutions to Honor all Related Checks and Electronic Payment Requests [Docket No. 7];

#4317765

      (f)     Complaint to Compel Turnover and for Temporary and Permanent Injunctive Relief [Docket No. 9];

      (g)     Emergency Motion for an Order (i) Authorizing the Debtors to Use Cash Collateral of Existing Secured Lenders, (ii) Granting Adequate Protection for the Use Thereof, and (iii) Scheduling a Final Hearing [Docket No. 13].

6.     Emergency consideration of the First Day Matters is necessary to maintain the Debtors' estates.  The Debtors do not have sufficient liquidity to support their current operations. The Debtors need emergency consideration of the First Day Matters in order to meet payroll and other operating expenses, including, without limitation, insurance, fuel, docking fees, maintenance, lease, and employee obligations.  Without emergency consideration of the First Day Matters, the value of the Debtors' assets will likely decrease drastically.

7.     **THE DEBTORS RESPECTFULLY REQUEST THAT A HEARING ON THE FIRST DAY MATTERS SHALL BE HELD ON MONDAY, JUNE 24, 2013, AT 9:00 A.M. SUBJECT TO THE COURT'S CALENDAR AND AVAILABILITY.**  The Debtors are planning to have representatives and professionals traveling to the hearing from multiple cities in the United States, as well as foreign countries, and the requested hearing date will afford sufficient time for key parties to arrive in Houston.

## IV.  NOTICE

8.     Notice of this Motion has been or will be provided to (a) the Office of the United States Trustee for the Southern District of Texas, (b) all known or alleged secured creditors, (c) the 30 largest unsecured non-insider creditors of the Debtors (on a consolidated basis), (d) all known shareholders holding over 5% of a class of equity interests in any of the Debtors, (e) all Debtor professionals, (f) the United States Attorney's Office for the Southern District of Texas, (g) the Internal Revenue Service, (h) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and (i) any such other government agencies to the extent required by the

#4317765

Bankruptcy Rules and Local Rules.  The Debtors submit that no further notice of this Motion is required.

WHEREFORE, premises considered, the Debtors respectfully request that the Court grant this request and set these First Day Matters for an emergency hearing.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By: */s/ William A. (Trey) Wood III*
      William A. (Trey) Wood III
      Texas Bar No. 21916050
      Trey.Wood@bgllp.com
      Jason G. Cohen
      Texas Bar No. 24050435
      Jason.Cohen@bgllp.com
      711 Louisiana, Suite 2300
      Houston, Texas 77002
      Telephone: (713) 223-2300
      Facsimile:  (713) 221-1212

           -and-

      Evan Flaschen
      (*Pro hac vice* admission requested)
      Evan.Flaschen@bgllp.com
      Goodwin Square
      225 Asylum Street, Suite 2600
      Hartford, CT 06103
      Telephone: (860) 947-9000
      Facsimile:  (860) 246-3201

           -and-

      Robert G. Burns
      (*Pro hac vice* admission requested)
      Robert.Burns@bgllp.com
      1251 Avenue of Americas, 49th Floor
      New York, New York  10020-1104
      Telephone: (212) 508-6100
      Facsimile: (800) 404-3970

      **PROPOSED COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

#4317765