**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TMT USA SHIPMANAGEMENT LLC, *et al.*,[1] | § § § | Case No.: 13-33740 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER DISMISSING
WITH PREJUDICE THE DEBTORS' CHAPTER 11 CASES PURSUANT TO
SECTIONS 105(a), 305(a), 349, AND/OR 1112(b) OF THE BANKRUPTCY CODE**

**NOTICE UNDER BLR 9013-1(b) AND 9013-1(i)**

THERE WILL BE A HEARING ON THIS MOTION ON <u>JULY 16, 2013</u>, AT 9:00 A.M. IN COURTROOM 404 AT THE U.S. BANKRUPTCY COURT, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

---

[1]  The Debtors in these Chapter 11 cases are:  (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Corporation; (10) F Elephant Inc.; (11) A Ladybug Corporation; (12) C Ladybug Corporation; (13) D Ladybug Corporation; (14) A Handy Corporation; (15) B Handy Corporation; (16) C Handy Corporation; (17) B Max Corporation; (18) New Flagship Investment Co., Ltd; (19) RoRo Line Corporation; (20) Ugly Duckling Holding Corporation; (21) Great Elephant Corporation; (22) TMT Procurement Corporation; and (23) TMT USA Shipmanagement LLC.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

## MOTION

1. Mega International Commercial Bank Co., Ltd., both in its capacity as an individual lender as well as its role as agent bank in those certain syndicated facilities related to certain of the above-captioned debtors and debtors in possession (collectively, "**Mega Bank**"), Cathay Bank United, both in its capacity as an individual lender as well as its role as agent bank in those certain syndicated facilities related to certain of the above-captioned debtors and debtors in possession (collectively, "**Cathay Bank**"), Shanghai Commercial & Savings Bank ("**SCSB**") on behalf of itself and as agent, First Commercial Bank Co., Ltd. ("**First Commercial**"), and BHP Billiton Marketing A.G. ("**BMAG**," together with Mega Bank, Cathay Bank, SCSB, and First Commercial, the "**Prepetition Secured Creditors**"), through their respective undersigned counsel, hereby file this joint motion for entry of an order substantially in the form of the proposed order attached hereto as Exhibit A, pursuant to 11 U.S.C. §§ 105(a), 305(a), 349, and 1112(b), dismissing the above-captioned Chapter 11 cases with prejudice based on, among other things, (a) "cause," given that the Debtors commenced the above-captioned Chapter 11 cases in bad faith and/or manufactured jurisdiction in bad faith, (b) absence of a reasonable likelihood of rehabilitation, (c) inability to effectuate a Chapter 11 plan, (d) availability of an alternate forum, and (e) the interests of the creditors and the Debtors being better served by dismissal (the "**Motion**"). The Prepetition Secured Creditors, individually or collectively, will file one or more

memoranda in support of this Motion in advance of the hearing on the Motion, which the Court has scheduled to commence on July 16, 2013, at 9:00 a.m. (Central).

## PROCEDURAL STATUS

2.  On June 20, 2013 (the "**Petition Date**"), the Debtors filed voluntary petitions for reorganization under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), thereby commencing the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**").

3.  The Debtors are debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The U.S. Trustee has not yet appointed any official committees in these Chapter 11 Cases. No request for the appointment of a trustee or examiner has been made to date.

## JURISDICTION

4.  This Court has subject matter jurisdiction to consider and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RESERVATION OF RIGHTS

5.  The Prepetition Secured Creditors reserve all rights to be heard on any and all issues raised at or prior to the hearing on the Motion in respect of the Motion or any other motions or pleadings scheduled for hearing concurrently therewith, including without limitation the Debtors' *Emergency Motion for an Order (I) Authorizing the Debtors to Use Cash Collateral of Existing Secured Lenders, (II) Granting Adequate Protection for Use Thereof, and (III) Scheduling Final Hearing* [Dkt. No. 13]. Without limiting the foregoing, the Prepetition Secured Creditors specifically reserve (i) all rights to move, at any time, for conversion, suspension, appointment of a trustee, and/or relief from the automatic stay on any and all bases,

3

including without limitation the bases asserted herein, and (ii) all rights to move, at any time, for dismissal on any and all bases not asserted herein.

WHEREFORE, the Prepetition Secured Creditors respectfully request that the Court enter an order dismissing these Chapter 11 Cases with prejudice and granting such further relief as may be just and necessary under the circumstances.

[*remainder of page intentionally left blank*]

Respectfully submitted this 3rd day of July, 2013,

**MAYER BROWN LLP**

By: /s/ Charles S. Kelley
    Charles S. Kelley
    State Bar No. 11199580
    Southern District of Texas Bar No.
    15344
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone:  713 238-3000
Facsimile:  713 238-4888
Email:  ckelley@mayerbrown.com

*and*

Frederick D. Hyman (admitted *pro hac vice*)
Michael F. Lotito (admitted *pro hac vice*)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820
Telephone No.:  212 506-2500
Facsimile No.:  212 262-1910
Email:  fhyman@mayerbrown.com
Email:  mlotito@mayerbrown.com

*Attorneys for Mega International Commercial Bank Co., Ltd.*

**BAKER & McKENZIE LLP**

By: /s/ David W. Parham
    David W. Parham
    State Bar No. 15459500
    Southern District of Texas Bar No.
    7991
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone:  (214) 978-3000
Facsimile:  (214) 978-3099
Email:  david.parham@bakermckenzie.com

*Attorneys for Cathay United Bank*

**GARDERE WYNNE SEWELL LLP**

By: /s/ John P. Melko
    John P. Melko
    State Bar No. 13919600
1000 Louisiana Street, Suite 3400
Houston, Texas 77002
Telephone:  (713) 276-5500
Facsimile:  (713) 276-5555
Email:  jmelko@gardere.com

*Attorneys for Shanghai Commercial & Savings Bank*

**WINSTEAD PC**

By: /s/ Eli O. Columbus
    Eli O. Columbus
    State Bar No. 24028062
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone:  (214) 745-5400
Facsimile:  (214) 745-5390
Email:  ecolumbus@winstead.com

*Attorneys for First Commercial Bank Co., Ltd.*

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Alfredo R. Pérez
    Alfredo R. Pérez
    Texas Bar No. 15776275
700 Louisiana Street
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:  alfredo.perez@weil.com

*Attorneys for BHP Billiton Marketing A.G.*

## **Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TMT USA SHIPMANAGEMENT LLC, *et al.*,[1] | § § § | Case No.: 13-33740 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**ORDER DISMISSING WITH PREJUDICE THE DEBTORS' CHAPTER 11 CASES PURSUANT TO SECTIONS 105(a), 305(a), 349, AND/OR 1112(b) OF THE BANKRUPTCY CODE**

Upon consideration of the motion of Mega International Commercial Bank Co., Ltd., both in its capacity as an individual lender as well as its role as agent bank in those certain syndicated facilities related to certain of the above-captioned debtors and debtors in possession (collectively, "**Mega Bank**"), Cathay Bank United, both in its capacity as an individual lender as well as its role as agent bank in those certain syndicated facilities related to certain of the above-captioned debtors and debtors in possession (collectively, "**Cathay Bank**"), Shanghai Commercial & Savings Bank ("**SCSB**") on behalf of itself and as agent, First Commercial Bank Co., Ltd. ("**First Commercial**"), and BHP Billiton Marketing A.G. ("**BMAG**," together with Mega Bank, Cathay Bank, SCSB, and First Commercial, the "**Prepetition Secured Creditors**") for entry of an order, pursuant to 11 U.S.C. §§ 105(a), 305(a), 349, and 1112(b), dismissing the above-captioned Chapter 11 cases with prejudice (the "**Motion**"); and the Court having determined that the relief requested in the Motion is in the best interest of the Debtors' estates,

---

[1]   The Debtors in these Chapter 11 cases are: (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Corporation; (10) F Elephant Inc.; (11) A Ladybug Corporation; (12) C Ladybug Corporation; (13) D Ladybug Corporation; (14) A Handy Corporation; (15) B Handy Corporation; (16) C Handy Corporation; (17) B Max Corporation; (18) New Flagship Investment Co., Ltd; (19) RoRo Line Corporation; (20) Ugly Duckling Holding Corporation; (21) Great Elephant Corporation; (22) TMT Procurement Corporation; and (23) TMT USA Shipmanagement LLC.

their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and its supporting memoranda of law and at the hearing establish just cause for the relief granted herein, and after due deliberation and sufficient cause appearing therefor:

It is hereby ORDERED THAT

    1.    The Motion is GRANTED. The above-captioned Chapter 11 cases of the Debtors are DISMISSED with prejudice against the Debtors from filing another case under any chapter of the Bankruptcy Code for a period of six (6) months from the date of this Order without first obtaining leave from this Court to file a new bankruptcy case on notice to the United States Trustee and the Prepetition Secured Creditors.

    2.    The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

    3.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:   July ___, 2013  
           Houston, Texas                           MARVIN ISGUR  
                                               UNITED STATES BANKRUPTCY JUDGE